# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2021

Lyle W. Cayce
Clerk

No. 20-40682
Summary Calendar

Rosemarie Pena,

*Plaintiff—Appellant*,

*versus*

Andrew M. Saul, Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-235

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Claimant Rosemarie Pena appeals the district court's order adopting the magistrate judge's Memorandum and Recommendation, denying Claimant's motion for summary judgment, affirming the Commissioner of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40682

Social Security's determination, and dismissing Claimant's case. For the reasons stated below, we AFFIRM.

Claimant alleged disability on August 12, 2016 due to a benign brain tumor, scoliosis, diabetes, arthritis in her hips, legs, and lower back, high blood pressure, high cholesterol, and being hard of hearing in her right ear. Claimant's application was denied upon initial consideration and again upon reconsideration. At Claimant's request, a hearing was held before an administrative law judge ("ALJ"), who concluded that Claimant was not disabled from August 12, 2016 through the date of the decision, August 10, 2018. Claimant's request that the Appeals Council review this decision was denied, thereby making the August 10, 2018 decision final under 42 U.S.C. § 405(g). Claimant timely filed suit on August 16, 2019, seeking a review of the final decision of the Commissioner of Social Security ("Commissioner"). After a thorough review of the evidence, the magistrate judge issued a Memorandum and Recommendation, recommending to the district court that the Commissioner's determination be affirmed, and Claimant's cause of action be dismissed. On September 18, 2020, the district court issued an order adopting the Memorandum and Recommendation in its entirety, and Claimant timely appealed.

On appeal, Claimant asserts a range of due process and procedural errors but cites to no authority and provides no evidence to support her allegations. For the reasons thoroughly detailed by the magistrate judge, we conclude that Claimant's procedural claims are meritless.

"We review the denial of benefits only to ascertain whether substantial evidence supports the final decision and whether the Commissioner used the proper legal standards to evaluate the evidence. We affirm the Commissioner's findings whenever supported by substantial

evidence."[1] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The crux of this case, therefore, is whether substantial evidence supports the ALJ's determination that Claimant was not disabled during the relevant timeframe.

State medical expert Dr. McCary opined that Claimant was capable of light work with standing and/or walking for up to four hours, sitting for about six hours in an eight-hour workday, climbing ramps and stairs but not ladders, ropes, or scaffolds, frequent balancing, kneeling, and crawling, and occasional stopping and crouching. Moreover, state medical expert Dr. Spoor opined that Claimant was capable of work with standing and/or walking for up to six hours, sitting for about six hours in an eight-hour workday, frequently climbing raps and stairs but only occasionally climbing ladders, ropes, or scaffolds, frequent balancing, kneeling, crouching, and crawling, and occasional stooping. The ALJ gave more weight to Dr. McCary's opinion than Dr. Spoor's and ultimately concluded that although Claimant has some impairments that limit her to a reduced range of light work, treatment notes in the record from her physicians and diagnostic test results did not support Claimant's allegations of disabling conditions.

Based on our review of the record, we are satisfied that substantial evidence supports the ALJ's determination that Claimant has not been under a disability, as defined in the Social Security Act, from August 12, 2016 through August 10, 2018. For those reasons and the ones stated by the magistrate judge in his thorough Memorandum and Recommendation, we AFFIRM.

---

[1] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted).

[2] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).